IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DANIAL DAVID GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:16CV450 |
| v. | ) | 1:04CR86-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner was convicted in this Court of one count of carrying and using, by brandishing, a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two) and one count of possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count Three). Based on his status as an Armed Career Criminal under 18 U.S.C. § 924(e), Petitioner was sentenced to 180 months of imprisonment and five years of supervised release for the conviction under § 922(g) and § 924(e) in Count Three. He also received a consecutive sentence of seven years of imprisonment for the conviction under § 924(c) in Count Two.

On May 12, 2016, Petitioner filed a Motion [Doc. #100] to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that his sentence as an Armed Career Criminal is no longer valid following Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), which is retroactive on collateral review for Armed Career Criminals, Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (2016). He also raised a challenge to his § 924(c) conviction based on Johnson, as well as a challenge to the underlying facts of that conviction. The Court appointed counsel for Petitioner and ordered a response from the Government, but on

November 18, 2016, the Government requested that the case be placed in abeyance pending the Supreme Court's decision in Lynch v. Dimaya. Counsel for Petitioner did not object, and the Court entered an Order granting the request and holding the case in abeyance, with leave for either party to move to lift the stay. Following the decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Court entered a Text Order on August 9, 2018, which stayed the matter pending various Fourth Circuit cases involving further consideration of the applicability of Johnson to convictions under § 924(c). The Court also noted that if Petitioner chose to proceed only on his challenge to his Armed Career Criminal sentence, he could file a notice within 30 days and the Government should then respond. Petitioner did submit such a Notice [Doc. #111], electing to proceed solely on his claim challenging his sentence in Count Three, not on a claim challenging his § 924(c) conviction in Count Two. The Government filed a Response [Doc. #118], conceding that based on Johnson, Petitioner does not have the requisite three violent felony convictions to support his status as an Armed Career Criminal as to Count Three. The Court will therefore proceed in light of Petitioner's election and the Government's concession.

Under 18 U.S.C. § 924(e)(1), a defendant is subject to enhanced sentencing penalties if he has three prior convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another. . . . " A crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18

U.S.C. § 924(e)(2)(A). Before Johnson, a crime was a "violent felony" if it was punishable by imprisonment of more than one year and had "as an element the use, attempted use, or threatened use of physical force against the person of another" or was "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(1)(B)(i) and (ii). However, Johnson invalidated as unconstitutionally vague the "residual clause" of the statute, which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct at 2563. Thus, to qualify as a "violent felony," a prior conviction must now come within either the enumerated offenses or the "use of force" clause.

Petitioner was sentenced as an Armed Career Criminal, and the criminal history in his Presentence Report reflects two prior North Carolina convictions for breaking and entering, a Washington State conviction for third degree rape of a child, and a Washington State conviction for second degree burglary. The Government concedes that, following the invalidation of the residual clause in Johnson, the two Washington State convictions can no longer be counted as predicate offenses under the residual clause of the Armed Career Criminal Act and do not satisfy its force clause. In support, the Government cites United States v. Christensen, 559 F.3d 1092 (9th Cir. 2009), which held that convictions for third degree rape of a child in Washington State are not categorically violent felonies for purposes of the Armed Career Criminal Act. The Government also cites United States v. Hines, 150 F. Supp. 3d 1227, 1230 (E.D. Wash. 2015), and United States v. Ladwig, 192 F. Supp. 3d 1153, 1164 (E.D. Wash. 2016), which hold that convictions for second degree burglary in

3

Washington State are not violent felonies under the Armed Career Criminal Act following Johnson. Therefore, the Government agrees that Petitioner has only two remaining predicate convictions, that he is not now an Armed Career Criminal, and that his Motion should be granted on that basis. In light of this concession, Petitioner's Motion should be granted as to his challenge to his sentence on Count Three. Because Petitioner elected to proceed solely on that claim, the Court notes that any other challenge, including as to Count Two, would be considered withdrawn.

The parties thus agree that Petitioner's sentence as to Count Three should be vacated. Further, under United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007), a sentencing judge has discretion to enter a corrected judgment, rather than conduct a full resentencing, at least where one count of conviction is being vacated, but other counts are not disturbed. In the present case, absent the Armed Career Criminal enhancement, Petitioner will be subject to a statutory maximum sentence of 120 months of imprisonment for Count Three and subject to a supervised release period of only three years for that conviction. Further, it appears based on Petitioner's incarceration for the current offenses since 2003 that he will likely be eligible for immediate release even if he receives a sentence of 120 months for Count Three, with no change to the sentence for Count Two. Therefore, the Court will recommend the entry of a corrected judgment reducing Petitioner's sentence for Count Three to 120 months of imprisonment and three years of supervised release, with no change to the sentence for Count Two. However, if Petitioner would prefer a resentencing hearing, the matter should be set for

4

a resentencing hearing instead. Petitioner can request a resentencing hearing, rather than a corrected judgment, in any objections to this Recommendation.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #100] to vacate set aside, or correct sentence be granted as to Petitioner's challenge to his sentence under the Armed Career Criminal Act for Count Three of the Superseding Indictment in light of the Government's concession, and denied otherwise based on Petitioner's election to proceed solely as to Count Three; that Petitioner's sentence as to Count Three be vacated; and that a corrected judgment be entered imposing a sentence of 120 months of imprisonment and three years of supervised release for Count Three, unless Petitioner requests a full resentencing hearing, with all other provisions of the Judgment, including the sentence for Count Two, remaining as previously set out.

This, the 5th day of February, 2019.

　　　　　　　　　　　　　/s/ Joi Elizabeth Peake
　　　　　　　　　　　　United States Magistrate Judge

5